UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>ANTHONY VERNA, et al.,<br><br>  Defendants. | Case No.: 1:16-cv-00764-AWI-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF EXTENSION OF TIME TO FILE AMENDED COMPLAINT AND DENYING, WITHOUT PREJUDICE, REQUEST FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 14] |

Plaintiff Shannon Williams, a prisoner in the custody of the Federal Bureau of Prisons ("BOP") proceeding pro se filed the instant civil rights action pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971) on June 2, 2016.  Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.[1]

Currently before the Court is Plaintiff's motion for an extension of time to file an amended complaint and request for appointment of counsel, filed October 13, 2016.

///

///

///

---

[1] Plaintiff declined United States Magistrate Jurisdiction on September 6, 2016.  (ECF No. 9.)

1

I.

DISCUSSION

### A.     Motion for Extension of Time

Plaintiff contends that "it is almost impossible to comply with the court's order[,]" to amend the complaint because he is presently housed in the security housing unit.  (Mot. at 1.)  Plaintiff contends that pursuant to a new prison policy, he is only allowed to use pencils, which is extremely difficult to write with.  Plaintiff submits that "[h]aving to write out 40 pages with one of these pencils would not be worth the effort."  (Id.)

Plaintiff is advised that any amended complaint must comply with Federal Rule of Civil Procedure 8(a)'s simplified pleading standard.  Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Thus, Plaintiff need not provide a lengthy narrative, and given the requirements of Rule 8, any amended complaint should not *exceed* twenty-five pages in length.  The Court will forward Plaintiff a blank civil rights complaint form to proceed under to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and grant him thirty days to file an amended complaint in compliance with the Court's September 29, 2016, order.

With regard to Plaintiff's claim that he is unable to write with the pencil provided by the prison, Plaintiff is advised that the Court must defer to the prison policies in issuing pens and/or pencils.  Furthermore, it is apparent that Plaintiff has access to writing materials, although it may not be to his liking, he nonetheless has access and is able to write and file motions in this action.

### B.     Motion for Appointment of Counsel

Plaintiff has requested appointment of counsel.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel shall be denied, without prejudice.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is directed to send Plaintiff a blank civil rights complaint form;
2. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint, not to exceed twenty-five pages; and
3. Plaintiff's request for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: **October 20, 2016**

UNITED STATES MAGISTRATE JUDGE