UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS, | Case No.: 1:16-cv-00764-AWI-SAB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT VERNA'S MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| ANTHONY VERNA, et al., | |
| Defendants. | [ECF No. 29] |

Plaintiff Shannon Williams, a prisoner in the custody of the Federal Bureau of Prisons ("BOP") proceeding pro se filed the instant civil rights action pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971) on June 2, 2016.

Currently before the Court is Defendant Verna's motion for summary judgment for failure to exhaust the administrative remedies, filed February 6, 2018.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendants Brown and Verna in their individual capacity for retaliation in violation of the First Amendment, unreasonable search and seizure under the Fourth and Eighth Amendments, and cruel and unusual punishment in violation of the Eighth Amendment.

On November 6, 2017, Defendants filed an answer to the complaint. On November 7, 2017, the Court issued the discovery and scheduling order.

As previously stated, on February 6, 2018, Defendant Verna filed a motion for summary judgment for failure to exhaust the administrative remedies as to the claims against him. Plaintiff filed an opposition on March 5, 2018, and Defendant filed a reply on March 8, 2018. The motion is deemed submitted for review, without oral argument. Local Rule 230(l).

## II.

## DISCUSSION

### A. Statutory Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies is subject to a motion for summary judgment in which the Court may look beyond the pleadings. Albino, 747 F.3d at 1170. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

### B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position,

whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

As set forth above, the defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

### C. Summary of Federal Bureau of Prisons Grievance Process

The federal Bureau of Prisons ("BOP") has established an administrative remedy procedure through which an inmate can seek redress of a complaint in relation to any aspect of his imprisonment. See 28 C.F.R. §§ 542.10(a). The inmate must first ordinarily seek to resolve the issue informally with prison staff using a BP-8 form. 28 C.F.R. 542.13(a); Nunez v. Duncan, 591 F.3d 1217, 1219 (9th Cir. 2010). If the complaint cannot be resolved informally, the inmate must present a formal administrative remedy request at the institution of confinement using a BP-9 form. 28 C.F.R. § 542.14(a); Nunez, 591 F.3d at 1219. The BP-9 must be submitted within 20 calendar days following the date of the date the grievance occurred, unless the prisoner can provide a valid reason for delay. 28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1219.

If the BP-9 request is denied by the warden and the prisoner is not satisfied, he must then file an appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1219. The BP-10 must be submitted within 30 calendar days of the date the warden responded to the BP-9, unless the prisoner provides a valid reason for the delay. 28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1220.

If the prisoner is dissatisfied with the Regional Director's response, the last step is to submit an appeal to the BOP General Counsel using a BP-11 form. 28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1219-1220. The BP-11 must be submitted within 30 calendar days of the date of the Regional Director's response to the BP-10, with the same exception of a valid reason for the delay. 28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1220.

The records of the administrative remedies filed by BOP inmates is maintained on the SENTRY computer system, a national database that includes all administrative remedies filings made by inmates incarcerated in BOP facilities. (Declaration of Jennifer Vickers ("Vickers Decl."), ¶ 5.) BOP assigns a unique number to each administrative remedy it receives. Id. ¶ 4. This number consists of six digits, followed by a suffix, -F1, -R1, or –A1, which identifies the administrative remedy as a BP-9, BP-10, or BP-11, respectively. Id.

**D.     Defendant Verna's Motion for Summary Judgment**

Defendant Verna argues that Plaintiff did not file any administrative grievances alleging any purported constitutional violations by him.

Plaintiff argues he has repeatedly made the BOP aware of the retaliatory actions by both Defendants Verna and Brown. (Opp'n at 1, ECF No. 31.) Plaintiff also argues that Defendant has not set forth all of the grievances for which he has filed and overlooked the fact that the administrative remedy procedures includes a process for inmate appeals on forms BP-10 and BP-11. (Id. at 2-3.)

Defendant submits the declaration of Jennifer Vickers, Paralegal Specialist employed by the United States Department of Justice, BOP, at the Western Regional Counsel's Office ("WXRO"), who declares that from May 2014 (the month in which Plaintiff alleges that the improper strip search occurred) through June 2016 (the month Plaintiff filed the instant action), Plaintiff filed fifteen administrative grievances, but only grievance number 787650, abstracted as "Inappropriate Strip

4

Search/Comments/No Clothes Escort, referenced the May 29, 2014, incident.[1] (Vickers Decl. ¶ 6, Ex. 2.) In grievance number 787650 (BP-9), Plaintiff stated, in pertinent part:

> I would like a disciplinary action taken against S.I.S. Ofc. Brown [and] policy enforced as it pertains to the incident on [May 29, 2014] … On [May 29, 2014] Ofc. Brown conducted a ra[i]d on my assigned cell … Brown entered the cell quickly demanded I strip search I complied. As I was putting back on my underwear, Brown made me strip again. I gain complied. After I finished a second time, Ofc. Brown handed me back my briefs and ordered me to be handcuffed. I requested to put on a shirt and Ofc. Brown refused. I asked to put on some shorts or pants over my briefs and Brown said no and lead me by the handcuffs out of the cell, and I was walked through the unit in just my briefs with the outline of my private area clearly visible to the entire unit. Several inmates were laughing. I again asked Brown to please let me put on some clothes over my briefs. He refused. I told Brown he was trying to embarrass me because I did not have any drugs or contraband. Ofc. Brown then fast-walked me throughout the entire compound with just my briefs to cover my private area, to the Lt.'s office. In the hallway we encountered female staff. At the Lt.'s office the female recreation coordinator was present. I asked officer Verna to please take me outside the presence of female staff with just briefs on. Officer Verna escorted me to the center hallway, where we had to stand in the presence of a female Lt. I was extremely embarrassed and complained that I was being humiliated for not having any contraband in the cell. Lt. Zaragosa then came to the hallway, he immediately demanded to know from Verna who had me out in the presence of female staff in just my underwear. **I again complained and both me and Verna said officer Brown**. … When ofc. Brown go to R&D, Lt. Zaragosa and Verna told Brown that they searched me and I had nothing. … Lt. Zaragosa left. It was then ofc. Brown placed the handcuffs back upon me after placing me on the machine in R&D, insisting that I had something attached to my big balls. It was at this time I stated that I was writing Brown up for retaliation and sexual harassment. … In the Lt.'s holding cell after waiting approx. another 20 min. I told ofc. Verna that I had to urinate. He told me to hold it, until Brown came back. … Ten minutes later, I requested again, and was informed that Brown said "NO". I told Verna again I could not hold it any longer, to please take the handcuffs off so I could urinate. He again stated per Brown's orders "no". I then began to urinate upon myself. I told Brown when he walked through a few minutes later that I was writing him up for harassment and sexual humiliation, by ordering me to remain handcuffed even though I had to urinate. He then answered "I'm going to write you up, first for refusing a U.A.". I answered that I never had refused a UA test, and this was the first I had heard of it, and that you did not come and get me for no UA test. I told Brown that was get back for my complaint about **his** abuse. Brown then transported me to the SHU unit, and wrote me up for a 109 refusing a UA test. The DHO exonerated me. … I want disciplinary action taken **against Brown** for RETALIATION; SEXUAL ABUSE-WALKING ME, THROUGH THE FACILITY IN MY UNDERWEAR AND FORCING ME TO URINATE UPON MYSELF.

(Vickers Decl. ¶ 9, Ex. 3, at pp. 2-4.) (emphasis in bold added).

---

[1] Vickers "specifically looked at the Abstract and Remarks section for allegations of retaliation, unreasonable search, and cruel and unusual punishment because the complaint alleges all those claims against both Vern and Brown." (Vickers Decl. ¶ 7, Ex. 2.)

In his appeal to the Regional Office (BP-10), Plaintiff complained that "[t]he Warden has refused to terminate the employment of S.I.S. Officer Brown for retaliation, sexual harassment in direct violation of B.O.P. policy and constitutional rights under the First Amendment, Fifth Amendment and Eighth Amendments. . . . I want this matter reported and referred to the Inspector General, and officer Brown terminated or demoted to non-contact with inmates." (Id. ¶ 10, Ex. 3 at pp. 6-7.) Then, in Plaintiff's final appeal to the Central Office (BP-11), he stated:

> Officer Brown sexually humiliated me in front of the institution by forcing me to walk through the facility in just my briefs. . . . Brown did this in retaliation of me having no drugs during a strip search in the cell. Brown further humiliated me by making me urinate on myself by not removing handcuffs he placed on me for no reason. Brown then retaliated against me by giving me a non-existence write up for refusing a UA test.

(Vickers Decl. ¶ 11, Ex. 3 at p. 9.) Plaintiff requested that Brown be fired and that he receive compensation for the actions. (Id.)

Pursuant to the PLRA, a grievance is not sufficient to exhaust administrative remedies unless it "alerts the prison to the nature of the wrong for which redress is sought." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). The factual allegations set forth in grievance number 787650 are insufficient to alert reviewing prison staff of any wrongdoing by Defendant Verna. While Defendant Verna was referenced in this appeal at the BP-9 level, it was not in relation to any wrongdoing but rather that Verna was acting only at the direction of Defendant Brown. Even if this appeal was sufficient to grieve allegations of misconduct by Defendant Verna, the BOP did not interrupt Plaintiff's allegations as against Verna and Plaintiff did not mention Verna at the next levels of review (BP-10 and BP-11). (See Vickers Decl. Ex. 3 at p. 5, response to BP-9 appeal references misconduct by "a staff member" and "disciplinary action against the staff member".) In contrast, the allegations set forth in the first amended complaint allege that *both* Defendant Brown and Verna performed a strip search after the initial strip search, forced him to walk through the prison in underwear, and issued false disciplinary charges against him. (First Amd. Compl. at 2-9.) However, the allegations set forth in Plaintiff's administrative grievances are limited to the alleged misconduct by only Defendant Brown. More specifically, as set forth above, Plaintiff alleged that Brown (not Verna) performed a second strip search after the initial strip search; that

6

Brown (not Verna) forced him to walk through the prison in his underwear; and that Brown (not Verna) issued false disciplinary charges against him. (Vickers Decl. ¶¶ 8-11, Ex. 3.) Because Plaintiff did not file an administrative grievance as to the alleged constitutional violations by Defendant Verna, the claims against him should be dismissed. See, e.g., Maldonado v. Padilla, No. 1:15-cv-00836-DAD-MSJ (PC), 2016 WL 866281, at *3 (E.D. Cal. Mar. 7, 2016), report and recommended adopted, 2016 WL 4011725 (E.D. Cal. July 27, 2016) (dismissing claim where prisoner's grievance regarding pepper-spray incident limited involvement to one officers whereas civil rights complaint alleged misconduct by additional officers). There is simply no evidence that prison officials addressed Plaintiff's claims against Defendant Verna on the merits and dismissal is warranted. See Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 20160 ("[W]hen prison officials address the merits of a prisoner's grievance instead of enforcing a procedural bar, the state's interests in administrative exhaustion have been served."). Plaintiff's conclusory argument, without evidentiary support, that he filed other grievances in insufficient to carry his burden of proof as to exhaustion, given that Defendant submitted the declaration of Jennifer Vickers who declares this was the only appeal during relevant time frame regarding the allegations set forth in the complaint against Verna. The fact that in 2015 Plaintiff may have grieved some other incident by way administrative grievance number 810110 (DHO Hearing) does not suffice to exhaust the specific claims in this action which occurred in May 2014. Accordingly, Defendant Verna's motion for summary judgment should be granted, and the claims against Verna should be dismissed, without prejudice.

## III.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Verna's motion for summary judgment be granted; and

2. The claims against Defendant Verna be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**March 22, 2018**__      _____
UNITED STATES MAGISTRATE JUDGE