# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANTHONY VERNA, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00764-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>[ECF No. 30] |

Plaintiff Shannon Williams, a prisoner in the custody of the Federal Bureau of Prisons ("BOP") proceeding pro se filed the instant civil rights action pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971) on June 2, 2016.

Currently before the Court is Plaintiff's motion for summary judgment, filed March 22, 2018.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendants Brown and Verna in their individual capacity for retaliation in violation of the First Amendment, unreasonable search and seizure under the Fourth and Eighth Amendments, and cruel and unusual punishment in violation of the Eighth Amendment.

On November 6, 2017, Defendants filed an answer to the complaint. On November 7, 2017, the Court issued the discovery and scheduling order.

///

1

On February 6, 2018, Defendant Verna filed a motion for summary judgment for failure to exhaust the administrative remedies as to the claims against him. Plaintiff filed an opposition on March 5, 2018, and Defendant filed a reply on March 8, 2018.

On March 22, 2018, the undersigned issued Findings and Recommendations recommending that Defendant Verna's motion for summary judgment be granted. Plaintiff filed objections on April 9, 2018.

On September 7, 2018, the assigned District Judge declined to adopt the Findings and Recommendations based on the evidence submitted in support of Plaintiff's objections.

## II.

## DISCUSSION

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Local Rule 260(a) provides:

> Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact. The moving part shall be responsible for the filing of all evidentiary documents cited in the moving papers.

///

///

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984 (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d at 942 (quotation marks and citation omitted).

With regard to Plaintiff's motion for summary judgment, as the party with the burden of persuasion at trial, Plaintiff must establish "beyond controversy every essential element of" his affirmative claims. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) (quoting W. Shwarzer, California Practice Guide: Federal Civil Procedure Before Trial § 14:124-127 (2001)). The moving party's evidence is judged by the same standard of proof applicable at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Plaintiff has failed to meet his burden of proof as the moving party on summary judgment. Plaintiff's motion does not comply with Rule 56 or Local Rule 260. Plaintiff has failed to cite to any particular part of any material in the record to demonstrate that the material facts are undisputed. Plaintiff includes a section entitled "UNCONTESTED FACTS", but he fails to provide any citation to relevant documentation. Rather, Plaintiff contends that Defendants have admitted in their answer to the material facts. Contrary to Plaintiff's contention, Defendants have not admitted the claims in the complaint. (Answer at pp. 2-6, ECF No. 26.) Plaintiff, as the moving party, is required to establish every element of his claim, showing that there are no disputed issues of facts. Plaintiff has simply failed to do so.

In addition, Plaintiff seeks summary judgment on claims of "Intentional Infliction of Emotional Distress" and "access-to-court rights." (Mot. at pp. 6, 8.) Plaintiff is not proceeding on either of those claims in this action. Rather, as stated in the Court's July 21, 2017 screening order, this action is proceeding against Defendants Brown and Verna in their individual capacity for retaliation in violation of the First Amendment, unreasonable search and seizure under the Fourth and Eighth Amendments, and cruel and unusual punishment in violation of the Eighth Amendment. All other claims were dismissed from the action for failure to state a cognizable claim for relief. Therefore,

judgment cannot be granted on additional claims even if Plaintiff had submitted evidence support of his motion. Accordingly, Plaintiff has failed to meet his burden on summary judgment and his motion must be denied.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for summary judgment be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 10, 2018**

UNITED STATES MAGISTRATE JUDGE