# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>ANTHONY VERNA, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-00764-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER NUNC PRO TUNC<br><br>(Doc. No. 47) |

Plaintiff filed the instant civil rights action pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971), on June 2, 2016.

Currently before the Court is Plaintiff's motion for an order nunc pro tunc for response to Defendants' motion for summary judgment, filed May 6, 2019.

On September 17, 2018, Defendants filed a motion for summary judgment. Plaintiff did not file an opposition. On October 31, 2018, the Magistrate Judge issued Findings and Recommendations recommending that Defendants' motion for summary judgment be granted.

On January 18, 2019, the Court granted Defendants' motion for summary judgment and judgment was entered. (ECF Nos. 43, 44.) The Court found that Plaintiff's Bivens claim was barred by the Supreme Court's decision in <u>Ziglar v. Abassi</u>, 137 S.Ct. 1843 (2017). In the Court's January 18, 2019, order adopting the Magistrate Judge's Findings and Recommendations it was noted that Plaintiff did not file timely objections.

On February 25, 2019, Plaintiff filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure.

On March 26, 2019, the undersigned corrected nunc pro tunc the January 18, 2019, order to reflect that Plaintiff timely filed objections on December 3, 2018, and otherwise denied Plaintiff's motion. (Doc. No. 46.)

1

In his current motion, Plaintiff correctly submits that on October 29, 2018, he timely filed an opposition to Defendants' motion for summary judgment, but that opposition was filed in case number 1:16-cv-01540-DAD-JDP ( Williams v. Baker) at Document Number 52. (Doc. No. 47) That is, Plaintiff filed the opposition in the wrong case. Plaintiff seeks to have the opposition re-filed in this case.

After consideration, the Court will not grant Plaintiff's motion for nunc pro tunc correction. While the Court does recognize that an opposition intended for this case was filed with the wrong case number, there was no way for the Court to have known that Plaintiff had filed that opposition. This Court did not consider that opposition in resolving the summary judgment motion, and it is unknown how the improperly filed opposition could have reasonably been considered. The utility of ordering the improperly filed opposition to be filed in this case is questionable as it could easily create confusion as to the exact procedural circumstances that were present when this case was resolved. Further, that the opposition is does not appear in the docket of this case will not hinder Plaintiff's appeal. The Ninth Circuit is able to take judicial notice of the improperly filed opposition, if it determines that consideration of that opposition is proper. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of the records of an inferior court). Therefore, Plaintiff's motion will be denied.

**ORDER**

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for nunc pro tunc relief (Doc. No. 47) is DENIED.

IT IS SO ORDERED.

Dated: July 11, 2019

_____
SENIOR DISTRICT JUDGE